** NOT FOR PRINTED PUBLICATION **

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| PANTAURUS LLC, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | CIVIL ACTION No. 1-14-CV-517 |
| v. | § | |
| | § | JUDGE RON CLARK |
| OPOWER, INC., | § | |
| | § | |
| *Defendant.* | § | |

## ORDER DENYING WITHOUT PREJUDICE UNOPPOSED MOTION FOR LEAVE TO FILE UNDER SEAL

Before the court is the Unopposed Motion for Leave to File Under Seal Defendant OPower, Inc.'s Motion to Dismiss or to Transfer Venue to the Northern District of California. Doc. # 11. Defendant is seeking to seal its motions to dismiss and transfer venue [Doc. # 12].

Courts have recognized that the public has a common law right to inspect and copy judicial records. *Nixon v. Warner Comm'ns, Inc.,* 435 U.S. 589, 597, 98 S. Ct. 1306, 1311-12 (1978). This access to judicial records "'serves to promote trustworthiness of the judicial process, to curb judicial abuses, and to provide the public with a more complete understanding of the judicial system, including a better perception of its fairness.'" *S.E.C. v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993) (citing *Littlejohn v. BIC Corp.*, 851 F.2d 673, 682 (3d Cir. 1988)).

The public's right to access, however, is not absolute. *Nixon,* 435 U.S. at 598, 98 S. Ct. at 1312. "Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes." *Id.* Thus, the common law merely establishes a presumption of public access to judicial records. *Van*

1

*Waeyenberghe*, 990 F.2d at 848. Although the common law right of access to judicial records is not absolute, "the district court's discretion to seal the record of judicial proceedings is to be exercised charily." *Fed. Sav. & Loan Ins. Corp. v. Blain,* 808 F.2d 395, 399 (5th Cir.1987). In exercising its discretion to seal judicial records, the court must balance the public's common law right of access against the interests favoring nondisclosure. *Van Waeyenberghe*, 990 F.2d at 848; see also *Nixon,* 435 U.S. at 599, 602, 98 S. Ct. at 1312-13, 1314 (the court must consider "relevant facts and circumstances of the particular case").

In this matter, Defendant did not provide any indication of what specific information contained in the nearly 200 pages of documentation filed in the court contained information that required this court to seal it. Instead, Defendant's motion to seal includes a blanket statement that the motion and declaration, which is over 160 pages long, contain information that has been designated as confidential. The declaration contains twenty-four exhibits, many of which appear to be from publically available websites. Defendant has not met its burden to show that the entire motion and the declaration, with its twenty-four exhibits, needs to be sealed. As the sealing of court documents is generally disfavored, Defendant's motion is denied without prejudice.

IT IS THEREFORE ORDERED that Unopposed Motion for Leave to File Under Seal Defendant OPower, Inc.'s Motion to Dismiss or to Transfer Venue to the Northern District of California (Doc. # 11) is DENIED WITHOUT PREJUDICE. Defendant may refile with specific rational as to what portions of the motion and accompanying declaration it seeks to seal.

**So ordered and signed on**

**Jan 14, 2015**

_____
Ron Clark, United States District Judge